Wyche et al. vs. Greene.

the Judge of the Superior Court refused to set aside the verdict, and we affirm his judgment.

Judgment affirmed.

THOMAS T. WYCHE, and others, plaintiffs in error, vs. T. B. GREENE, defendant in error.

[1.] If A. makes a deed, intending, that it shall convey property of which, a part belongs to himself, and a part to B., to B's wife for her life, with remainder to her children, and B. knowing this intention, receives the part of the property belonging to A., he is bound to carry out the whole intention, unless, at the time of so receiving this part of the property, he entertain the purpose to defeat the intention as to the part of the property belonging to himself, and it is known to A. that he entertains this purpose.

[2.] What is a mistake on one side, and a fraud on the other, is as much the subject of correction, as if it were a mistake on both sides.

[3.] It is not necessary that the *authority* to create a remainder in personal property, should be in writing.

In Equity, in Upson Superior Court. Tried before Judge CABANISS, May Term, 1858.

This was a bill filed by Thomas T. Wyche, and Adeline W., his wife, and others, to have the following deed, executed by B att Wyche, in his lifetime, reformed :

The complainants allege in their bill, that at the time said deed was executed, the title to the negroes therein mentioned, was in the said Batt Wyche, and that Greene had notice of the same; and that when Batt Wyche drew and executed said deed of gift, it was his intention so to draft it, that it would convey to said Patience C., an estate for life in and to said negroes and increase, and at her death, an estate in fee simple to her children; and that Greene well knew that such was the intention of said Batt Wyche, and that he received

said deed with such knowledge. That complainants were married in 1839, and that said Adeline W., wife of said Thomas T., is the daughter of said Patience C. Green, and entitled to said negroes, &c.

The deed is as follows:

STATE OF GEORGIA, *Montgomery County.*

Know all men by these presents, that I, Batt Wyche, for and in consideration of the love and affection which I have and bear to my well beloved daughter, Patience Clark Greene, and the issue of her body, do give, grant and relinquish unto the said Patience C. Greene and issue, four negro slaves, to-wit: Sally, Moses, Ellick and Sealy, together with all their increase, heretofore and after these presents, the rights thereof whatsoever, unto the said slaves and increase, to have and to hold the said slaves and increase as aforesaid, unto the before named Patience C. Greene and issues forever, freed and cleared of and from the claim of him the said subscriber.

In witness whereof, the said Batt Wyche has hereunto set his hand and seal, the 15th day of February, 1817.

BATT WYCHE. [L. S.]

In presence of
　W. CONNER,
　J. G. CONNER, J. I. C.

"I make an addition to the within deed, of five hundred dollars, in place of one small negro and other things.

Given under my hand this 6th day of October, 1817. To be paid next fall.

BATT WYCHE.

*Test:* WILSON CONNER, J. I. C."

" Received the 12th April, 1819, four hundred and fifty dollars of the above deed.

THOMAS B. GREENE."

" Received, June 2d, 1821, in full of the above, fifty dollars.

THOMAS B. GREENE."

GIBSON; HILL; and PEEPLES, for plaintiffs in error.

SMITH; and FLOYD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The contents of the pleadings in this case, except the answer to the amendments made to the bill, are reported in *Wyche and wife vs. Greene.* (16 *Ga. R.* 49.)

The answer to those amendments, contain nothing important to the questions involved in the case, as it stands at present. Those questions all turn on the charge of the Court, and its refusals to charge. It is not necessary, therefore, to state the contents of that answer; for the same reason, it is not necessary to state the evidence.

The requests to charge made by the complainants, were as follows :

" 1st. If the jury shall believe from the evidence, that it is clearly and satisfactorily established, that the deed of Batt Wyche, conveying the four negroes, had, at the time it was first received by defendant, the additional clause on the back thereof, conveying the five hundred dollars in money, and defendant subsequently accepted and ratified said deed by receiving the money, and at the time of reception and ratification by the defendant, it was the intention of said Batt Wyche to convey said negroes and money to the wife of defendant for life, and at her death in remainder to her children, and at the time of such reception and ratification of said money and deed defendant knew of such intention, he is estopped from setting up a previously acquired right and title to said negroes in himself, as it would be a fraud upon the donor and the contract."

" 2d. That this doctrine of estoppel is applicable to deeds and contracts of this sort, and that it applies as well when the donor, through mistake, believes he has a title to the property conveyed, as when he conveyed the same, knowing that he has no title."

" 3d. If the jury believe from the proof that this property was originally placed in the possession of Mr. Greene by Wyche, soon after the marriage, that, without more appearing, amounts in legal presumption to a gift; yet, if afterwards the defendant accepted from Mr. Wyche, his father-in-law, a different disposition of this property, especially if founded upon the payment of a new cash consideration, by which he agreed to waive his rights, previously acquired by his possession and the gift, and by virtue of the amount mentioned on the back of the deed, acted under and acquiesced in the change of title made by Wyche, either expressly or implied, then he is bound by it, and he must stand upon the new arrangement."

" 4th. If the jury believe from the acts and conduct of Wyche and Greene, or the statements of the parties, which had been submitted in proof to their consideration, that the intention of Wyche was known to Greene, and he accepted the deed, and took advantage of any provision, *in it or upon it*, made for his benefit, knowing the intention, it don't lie in his mouth to gainsay it now."

" 5th. If this agreement was voluntary, still, if afterwards Greene, for a valuable consideration, however small, accepted this deed, and consented to take and hold title to the property under it, for the life of his wife, and afterwards remainder to his children, and he knew such was Wyche's intention, then he is bound by it, and it must be reformed and carried out, if the facts of the case are sufficiently proven."

" 6th. If the jury believe that Wyche conveyed to Greene, by this deed, property, a portion of which already belonged to Greene, and Greene accepted the portion which did not belong to him, but to Wyche, then Greene is estopped from

setting up in himself, as to the property already his, a title paramount to the deed, and to Wyche's title."

" The law is, that a party cannot take a benefit under a contract or instrument, and afterwards set up a title against the same; he must take the instrument with its benefits and burdens, or he must repudiate altogether and stand on his own title."

These requests the Court refused, and that was excepted to.

The Court then charged, among other things, as follows:

" It is not sufficient, that the mistake or misapprehension exists in the mind of one of the parties; it must be the act of all the parties to the instrument, and all must have participated in it, otherwise no relief can be granted."

" If the charge in the terms of the gift was made by Wyche, with a view of vesting a life estate in the negroes in Patience Greene, with a remainder in fee to her children after her death, and if the assent of Greene was necessary to divest himself of title, and to vest the remainder, that assent, to be operative, must have been in writing—the parol assent of Greene to the change in the terms of the gift, cannot vest the remainder in the negroes in the children of Patience Greene. A remainder in personal property cannot be created by parol, it must be done by writing. If the title to the negroes in dispute did first vest in Greene and wife by presumption of law, when they were sent home to them, and in Greene absolutely by virtue of his marital rights, then when Wyche attempted to change the terms of the gift, so as to vest the remainder in the children of Patience Greene, he could do it only upon the property being conveyed to him by Greene, or if the joint act of Wyche and Greene was necessary to create the remainder, that joint act must be evidenced by writing. If it was by parol on the part of .Greene, the remainder there created is void, and the children of Patience Greene take nothing by it."

The charge was excepted to.

Let us suppose the following things true:

1. That Batt Wyche's intention was, that the deed, with its added clause, should convey $500, of his, and four negroes of Greene's, to Mrs Greene for her life, with remainder to her children.

2. That this intention was known to Greene when he received the $500.

3. That Greene, when he received the $500, harboured the purpose to hold on to the four negroes himself, and, thus to defeat Wyche's intention.

These things supposed true, then, we may say, that it must be true, that this harboured purpose of Greene's was known to Wyche when he parted with the $500, or it was not.

First, let us assume, that it was known to Wyche.

In that case, was Greene bound, or not bound, to carry out Wyche's intention with respect to the four negroes.

Not bound, clearly. For, in that case, there could be no ground to say, that Wyche's parting with his money, was *on condition;* viz: on condition, that Greene would permit the four negroes to go according to this, his, Wyche's, intention; and, therefore, there could be no ground to say, that Greene ought to be bound by the doctrine of " election;" because that doctrine rests on the presumption, that the donor intends his conveyance to be operative as to the part which is his, of the property conveyed, only, *on condition, that the* donee will permit the conveyance to be operative as to the part which is not his, but, the donee's.

Next, let us assume, that this harboured purpose of Greene's, was not known to Wyche, when he parted with his $500.

In that case, was Greene bound, to carry out Wyche's intention with respect to the four negroes? He was.

Because, in that case, we must assume; first, that Wyche's parting with his money, would be on the supposition, that his intention, as to the negroes, would be respected and car-

ried out, by Greene; secondly, that this fact would be known to Greene.

This is not all. Wyche, at the time when he parted with this money, was the owner of much other property. Then, it is true, that with this property and the money, he was able at the time, to make a provision for Mrs. Greene and her children, equal to that contemplated by the deed. Who can say, that he would not have made it, had he been aware, that Greene harboured the purpose to defeat the provision contemplated by the deed? No man can say that he would not.

Even this, is not all. Wyche, soon after thus parting with this money, died intestate, whereby, Greene, in right of his wife, a daughter of Wyche's, became one of Wyche's heirs. Now, we must assume, that if Wyche had been aware of Greene's purpose to defeat the deed, he would not thus have died intestate, but would have made a will, and by it, would have given, at least the $500 and the share of his estate, which Greene inherited, to Mrs. Greene and her children.

These things being so, not to hold Greene bound to carry out Wyche's intention in the deed, would be to permit him, to perpetrate a fraud on Wyche—a fraud by which he, Greene, would be the gainer, and his wife and children, the losers; and the losers, perhaps, to the full extent of property equal in value to the four negroes.

There are decisions which go so far, as to say, that if the owner of property, stands by, in silence, while another person sells the property, the owner shall be bound by the sale, even though, he takes no profit from the sale. This may be —is, I think—going too far; but that the owner will be bound by the sale, in the case in which, he himself takes a profit from the sale, there can be no question.

But would it not be enough, to require Greene to account for the $500? No; because it is impossible to say, that Wyche, if he had been aware of Greene's purpose to defeat the deed, would not have made other provision for Mrs.

Greene and the children, equal in value, not only, to the $500, but, to that and the four negroes; and, it was Greene's fault, that Wyche was not made aware of this purpose.

[1.] We think, then, that Greene was bound to carry out Wyche's intention in making the deed, if, when Wyche parted with his money, he was not aware of Greene's harboured purpose to defeat that intention.

This then is the conclusion to which we come, on the assumed data. I need not stop to point out wherein it agrees, or wherein it differs, with the requests, or, with the charge.

I only add, that the conclusion will be found, I think, a sufficient solution of all the more difficult real questions in the case.

[2.] The Court's charge, that a mistake, to be the subject of correction, must be a mistake in which, all the parties to the contract, participate, was too absolute. If one of the parties to a contract, is mistaken in a matter, and the others know that he is, and do not apprise him of it, yet, the mistake, though not one on their part, is the subject of correction. The case becomes one, in which, there is a *mistake* in one of the parties to the contract, and a *fraud* in the others. Such a case is even more readily the subject of relief at his instance, than is a case in which, there is nothing but a mistake, although that be a mistake extending to all the parties.

[3.] So too, we think, this charge erroneous: that some *writing* of Greene's was necessary to create a remainder in the negroes, if the title to the negroes, had got into him. It is true, that this Court has decided, that a remainder in personalty, cannot be created, without a writing of some kind; but this Court has never decided that if the owner of property, whether real or personal, stands by in silence whilst another persons sells it, and such owner takes a benefit from the sale, he is not bound by the sale, be the terms of it, create what estate they may. And Greene's position was analogous to that of such an owner, if one hypothesis be true; viz, that he, when he received the $500, harboured

the purpose to defeat what Wyche intended by the deed, and failed to communicate to Wyche the fact that he did.

We think, then, that there ought to be a new trial.