### Hutson v. Fumas et al.

Equity: REFORMATION OF DEED : STATUTE OF LIMITATIONS. Where, in conveying to the vendee a portion of real estate, the deed, in consequence of a mistake in the measurement of the land, describes it as of a greater width than it actually is, a court of equity will grant relief to the grantor by correcting the mistake; and this right of the grantor to relief will not be barred by the statute of limitations or lapse of time, where he has remained in possession of the portion included by mistake.

*Appeal from Iowa District Court.*

SATURDAY, JANUARY 28.

ACTION in equity to correct a mistake in the description of the property, conveyed by a deed, executed by plaintiff to John Fumas, and by him sold and conveyed to the defendant, Isaiah Hixon.    Judgment was for plaintiff, and the defendants appeal.

*C. H. Conklin* and *C. Hedges* for the appellants.

*Martin & Murphy* for the appellee.

COLE, J. — The evidence satisfies us, that the plaintiff, in 1854, sold and conveyed to the defendant the land lying between Hutson's inclosed land and the land of one William Fumas, containing about seventy acres — the line along Hutson's inclosed land was to be straight and not run with the fence ; that, in the measurement of the land, its width was, *by mistake*, made fifty-eight and a half perches, whereas, in fact, it was but fifty-two and a fraction ; that before the parties discovered the mistake, and in 1864, Fumas sold the land to his co-defendant Hixon, and conveyed the same by the mistaken description as in the deed by the plaintiff to him ; that the mistake was discovered in 1866 and defendants refused to correct it ; that the plaintiff has been ever since and is now in actual possession of the land, included by mistake in his deed to Fumas, and was so in possession, to the knowledge of Hixon, at the time Fumas conveyed to Hixon, and, in fact, Hixon only supposed he was buying that not in plaintiff's possession ; that the land as intended to be conveyed, and not in plaintiff's possession, embraced the number of acres named in the deed and sold by plaintiff to Fumas and by him to Hixon. And thereon we hold, that it is such a mistake as a court of equity can and should correct ; that the power and duty so to correct is not, under the circumstances of this case, barred by the statute of limitations or lapse of time ; that the defendant is entitled to no compensation for the land included by mistake in the conveyances, and that, having refused to correct the mistake, the costs of this action should be paid by the defendant.

Affirmed.