Lea Neil, plaintiff in error, vs. Marcus H. Bunn, defendant in error.

55  583
119  169

58  583
123  690

1. A plea of usury in defense to the foreclosure of a mortgage, which showed that the mortgage was made in January, 1874, to secure a note made in 1871, and due in 1875, the note only bearing 7 per cent. interest, and the mortgage providing for 10 per cent. after the maturity of the note, is bad, there having been no law against usury in 1874 in this state, and no allegation in the plea that the increased interest was without consideration, and the seal of the mortgage importing a consideration.

2. A plea that the consideration of the note was certain lots of land, one of which, worth $300.00, was omitted from the deed to defendant, though specified in the bond for title, which deed was accepted by the defendant, to have the deed reformed, or to set off or recoup the $300.00, is bad, unless it alleges that it was left out by fraud, accident, or mistake, or at least without the consent of the party who accepted the deed.

Usury. Contracts. Promissory Notes. Before Judge Underwood. Polk Superior Court. February Term, 1876.

Reported in the opinion.

Turner & Glenn, by E. N. Broyles, for plaintiff in error.

Ivy F. Thompson, by brief, for defendant.

Jackson, Judge.

The defendant filed two pleas in bar of the foreclosure of the mortgage, both of which were stricken. The error assigned here is the act of the judge in striking these pleas.

1. The first was usury. The note, to secure which the mortgage was given, was made in 1871, and due in 1875. The mortgage was made in 1874, when there was in this state no limitation upon the rate of interest, and when the mortgage was executed it was agreed that interest should run at 10 per cent. from the maturity of the note. We think that

this plea was properly stricken. The seal to the mortgage imports a consideration for the increased interest, and it is not alleged that there was no consideration therefor. At the date of the mortgage the parties could stipulate for any interest.

2. The second plea was, that the consideration of the note and mortgage was land; that plaintiff had given his bond for title to certain lots, and, when he made his deed, had left out one lot, worth $300.00; but there was no allegation that it was left out by fraud, accident or mistake, or even without the consent of the defendant, who accepted the deed as written. We think that the plea was not such an equitable plea as would authorize the deed to be reformed, or the $300.00 to be set off or recouped, as the party had accepted it, and seemingly acquiesced in it until the mortgage was pressed for foreclosure.

Judgment affirmed.