WILLIS B. COOPER, plaintiff in error, *vs.* E. L. BRASWELL & SON, defendants in error.

E. L. BRASWELL & SON, plaintiffs in error, *vs.* WILLIS B. COOPER, defendant in error.

1. A deed executed 29th December, 1874, could not be usurious—there being at that time no law against usury in this state; and the plaintiff may recover upon such deed, though his declaration be in the statutory form, and though there be no abstract of the deed therein, where the defendant introduced the deed in evidence, and where the land covered by the deed was also embraced within another deed, an abstract of which was upon plaintiff's declaration.

2. A deed dated 8th of July, 1875, if tainted with usury, is void as title; the act of February 19th, 1873, which repealed the usury laws in this state, having been itself repealed on the 24th of February, 1875.

3. Whether the deed was so tainted with usury was a question of fact for the jury, and there being evidence thereof, though it may have been conflicting, this court will not interfere with the finding of the jury and the approval thereof of the presiding judge.

Deeds. Usury. Titles. Statutes. Before Judge Rice. Gwinnett Superior Court. March Term, 1877.

Reported in the opinion.

John A. Wimpey; F. F. Juhan, for plaintiff in error in first case, and defendant in the second.

Winn & Simmons, *contra.*

Jackson, Judge.

In this case both sides excepted. The action was eject- ment to recover two hundred and fifty-one acres of land. The jury found fifty-one acres for the plaintiffs, and two hundred acres for the defendant. Braswell & Son were the plaintiffs, and Cooper the defendant. Cooper excepted to the finding for plaintiffs of fifty-one acres; and Braswell & Son excepted because the jury and court below did not give them the other two hundred acres. Both bills of ex- ception were argued together here, and will be disposed of as one case.

The whole tract of two hundred and fifty-one acres was sold by Cooper to Braswell & Son, for goods, liquors, etc., furnished him, and money borrowed from them, at fifteen per cent. on goods and money. The deed, an abstract of which was in the declaration (which was in the statutory form), was made 8th of July, 1875; and was made to em- brace two prior deeds, one for fifty-one acres, executed on the 29th of December, 1874, and the other for two hun- dred acres, executed 12th of March, 1875.

The plaintiffs introduced the deed of July, 1875; the de- fendant the other two. There was evidence going to show usury in the whole transaction up to November, 1875, when the note of one thousand dollars, covering accounts and borrowed money, was due; which note was secured by the sale of the land. The evidence of usury was conflict- ing, but the jury found that there was usury, and set aside the deeds of March and July, 1875, and set up the deed of December, 1874, in accordance with the charge of the court.

We think that if there was usury, which the jury found to be so, the verdict and judgment are right.

From February 13, 1873, up to 24th of February, 1875,

there was no law against usury in this state; and with the repeal of the usury laws, the act annulling a deed tainted with usury, we think, was also repealed. Hence the deed of December, 1874, was good.

But the law repealing the usury laws was itself repealed in February, 1875. Hence the deeds tainted with usury, after that time became again illegal, and, as title, void; and thus the deeds of March and July, 1875, if tainted with usury, were void.

But Cooper, the defendant, contends that the deed of December, 1874, was not in plaintiffs' declaration in abstract, according to law, and, therefore, plaintiff could not recover thereon. But Cooper himself introduced it, and the acres embraced in it, were sued for, and a deed was in the declaration which covered it. If the declaration had been in the old form, the demise in Cooper's name would have covered these fifty-one acres, and it would not have mattered who introduced the deed. So in this form, as the land was sued for, and the abstract of a deed covering it was in the writ, and as the defendant, Cooper, himself introduced the deed, the recovery was right. He showed title in plaintiffs and out of himself for fifty-one acres.

An ingenious argument was made on behalf of Braswell & Son to cover the two hundred acres, by urging that the repeal of the act repealing the usury laws did not re-enact the law making void deeds tainted with usury. But we think it restored them all. The act of 1873 repealed all— the act of February, 1875, restored all.

We, therefore, affirm the judgment in both cases.