BALLARD *vs.* THE PEOPLES' BANK OF NEWNAN.

An absolute deed made by a debtor to his ereditor as security (the debtor's wife consenting thereto), is not void as title on account of usury, if at the time of its execution there was no law against usury or on the subject of usury.

Deeds. Usury. Before Judge LESTER. Campbell Superior Court. August Term, 1877.

The bank brought complaint against Ballard for a lot of land, claiming under a deed from John W. Beck, executed on March 25th, 1873, with the consent of his wife. The defendant claimed under a subsequent deed from the same grantor, attacking the prior conveyance as void on account of usury. The evidence disclosed that Beck was indebted to the bank by a note made for a loan of money after the repeal of the usury laws, and to the president of the bank, and to a partnership of which said president was a member, by notes made prior to the repeal of the usury laws; that all these notes included or carried interest at a higher rate than seven per cent.; that on the 25th of March, 1873, a note was executed by Beck to the bank for a sum equal to the aggregate of all these notes, calculated up to the first of April following, including the usury; and that to secure the payment of this final note the deed to the bank was executed and delivered. At the same time, according to some of the testimony, the bank paid to the president the several amounts going to him and his firm, doing this at the instance and request of Beck, and the amounts so paid were deposited in the bank to the president on his personal or indi-

vidual account. Other testimony tended to show that the notes to the president and his firm were, at his request and with Beck's consent, merged in the new note to the bank, in order that the one note and the one deed might cover and secure the whole indebtedness to all three of the creditors.

In charging the jury the court delivered as law the substance of this proposition: "That the deed would be infected with usury and the plaintiff could not recover, if there was usury in the debts from Beck to the president of the bank and his firm, and if these debts, at the request of the president and with Beck's consent, were included in the new note and constituted a part of the debt embraced in the consideration of the deed."

The jury found for the defendant. The plaintiff moved for a new trial, among other grounds, because the verdict was contrary to law and evidence, and because of error in the above charge.

The motion was sustained, and the defendant excepted.

JOHN S. BIGBY; THOMAS W. LATHAM; H. M. REID, for plaintiff in error, cited Tyler on Usury, 346 ; 3 Par. on Con., 119 ; 1 Clark's Ch. R., 252; 20 John., 285; 1 Hoff., 291, 294, 306, 308 ; 3 How., 62; 33 N. Y., 55 ; 5 Conn., 154 ; 1 *Ga.*, 416 ; 10 S. & M., 89 ; 13 Ala., 125 ; 1 *Ga.*, 392 ; 59 *Ib.*, 546 ; 22 N. J. Eq. R., 610 ; 1 C. & P., 396; 3 Saund. Pl'd'gs & Ev., §1189 ; 1 Hall's Sup'r C't R., 481, 544; 2 Starkie, 211 ; 5 Taunt., 780 ; 6 Wend., 415; 13 *Ib.*, 505 ; 46 Barb., 272; 14 N. J. Eq. R., 229 ; Cowper, 720 ; 1 Brown's Ch., 149 ; Ambler, 371; Comyn on Usury, 94 ; 19 John., 496 ; 7 *Ib.*, 196 ; 2 Peters, 527 ; 1 Green's Ch. R., 453 ; 9 N. J. Eq. R., 807.

A. D. FREEMAN, for defendant, cited, as to discretion in granting new trials, *Long vs. Gardner*, August Term, 1878. As to usury, 59 *Ga.*, 616 ; 5 *Ib.*, 779 ; 54 *Ib.*, 529 ; 55 *Ib.*,

691, 412 ; 57 *Ib.*, 601.   As to priority of deed, Code, §2705; 27 *Ga.*, 406 ; 48 *Ib.*, 461.

BLECKLEY, Justice.

By the act of February 19th, 1873, all laws on the subject of usury were repealed.   It was after this repeal that the new note was given, and the deed was made to secure it.   There was, therefore, no law in existence by virtue of which the deed could become infected.   Where there is no law there can be no transgression.   The deed was legally pure, no matter how tainted some of the original notes may have been.   Under the special facts of the case, other views might be urged in support of the deed, but the view we have presented will suffice to vindicate the judgment grant-ing a new trial.

Judgment affirmed.