## Tummons *vs.* Hamilton.

A deed executed on the 10th of September, 1874, while there was no law making usury illegal in Georgia, could not be tainted with usury, and therefore void as title.

Interest and usury.   Title.   Deeds.   Before Judge Un-DERWOOD.   Floyd Superior Court.   March Term, 1879.

Mrs. Tummons sued out a warrant to dispossess Hamilton of certain property occupied by him, on the allegation that he was a tenant holding over.   He filed a counter-affidavit and issue was joined, the point at issue being whether Mrs. Tummons was the landlady of Hamilton or not. Plaintiff put in evidence, among other things, a deed from the defendant to her, dated September 10th, 1874, conveying the premises in dispute.   Defendant contended that the deed did not convey title to plaintiff, because it was only intended as a security for a debt arising out of the sale of a mule by plaintiff to him in the summer of 1874, and because usury was charged, and a deed tainted with usury would be void.   On this point the court charged as follows :   " If the deed was made in consideration of the payment of a note in which there was usury, and the consideration of the deed was tainted with usury, no tenancy can be predicated upon a title thus tainted with usury, the relation of landlord and tenant cannot arise in such a case, and the tenant is not estopped from denying the landlord's title ;. if you are satisfied from the evidence that the deed is founded upon any such usurious contract, the plaintiff cannot recover."

After a verdict for defendant, plaintiff moved for a new trial. It was refused, and she excepted.

W. D. ELAM, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Justice.

A motion was made for a new trial on various grounds, none of which seem to be material and tenable except the assignment of error in regard to the taint of usury in the deed from Hamilton to Mrs. Tummons. That deed was made on the 10th of September, 1874, pending the abolition of usury in this state, and the court charged that "if the deed was made in consideration of the payment of a note in which there was usury, and the consideration of the the deed was tainted with usury, no tenancy can be predicated upon a title thus tainted with usury, the relation of landlord and tenant cannot arise in such a case, and the tenant is not estopped from denying the landlord's title. If you are satisfied from the evidence that the deed is founded upon such usurious contract, the plaintiff cannot recover." Under the law as ruled by this court a deed made on the 10th of December, 1874, could not be so tainted with usury as to render the title void, and therefore this charge is erroneous; and inasmuch as the verdict of the jury is in these words: "We, the jury, find for the defendant because of usury," the error is vital.

In the case of *Ballard vs. The Peoples' Bank of Newnan*, 61 *Ga.*, 458, it was held that a deed made on the 25th of March, 1873, was not usurious, all laws on the subject of usury having been repealed on the 19th of February, 1873. So in the case of a mortgage in *Neil vs. Bunn*, 58 *Ga.*, 583, the same point in principle was ruled. So in *Broach vs. Barfield*, 57 *Ga.*, 601, it was held that "in 1874 there was no law in Georgia making usurious any agreement, written or verbal, for any rate of interest whatever." So

in 59 *Ga.*, 616, the case of *Cooper vs. Braswell*, it was held that " from February 13th, 1873, up to February 24th, 1875, there was no law against usury in this state ; and with the repeal of the usury laws, the act annulling a deed tainted with usury, we think, was also repealed. Hence the deed of December, 1874, was good."

So that the question is not open with us and the judgment must be reversed, inasmuch as the right of plaintiff to dispossess defendant in the dispossessory warrant rested on the deed made in 1874, and the court charged and the jury found in the teeth of the decisions made in the cases cited.

Judgment reversed.