mandate of the unconstitutional amendment deprived the commission-ers of all option and discretion it putting the special law in operation.

4. No contract based upon an unconstitutional law can be enforced upon any party appealing to the shield of the fundamental law; *a fortiori*, when such party is a political division of the State, whose agents have been forced to make the contract, the fulfillment of which that division—the county—resists, behind that shield—the Constitution.

Judgment reversed.

A. S. Giles; W. C. Winslow, for plaintiffs in error.

Duncan & Miller; Hardeman & Davis, for defendant.

---

BELL *et al. vs.* AMERICUS, PRESTON & LUMPKIN RAILROAD.

COMPLAINT, FROM WEBSTER. Stock and Stockholders. Contracts. Corporations. Evidence. (Before Judge Bower).

Hall, J.—Where suit was brought on certain promissory notes given for the subscriptions of the makers to the stock of a railroad company, it was not admissible for the defendants to prove that the parties who obtained the subscription to the stock represented that the road, when built, was to be a broad or standard guage road, and was to be ironed and equipped by the Central Railroad, whereas, when constructed and put into operation, it was ironed and equipped by the company itself, and was a narrow guage road—there being no such condition in the notes or in the charter, and the evidence not showing that the parties who made them made any stipulation, verbal or written, for the terms alleged, as a condition to their subscription, or that the parties making such representations had authority to bind the company thereby, or that they attempted to do so, or that the representations were reported to the company and assented to by them.

(a) Equity will not reform a written contract of subscription by inserting a condition therein, except upon proof that the parties intended, at the time of executing the contract, to insert it, and that it was omitted by fraud, accident or mistake of fact; and the mistake must have been that of both parties, and not of one only. Pierce R. Rs., 58, 59 and cit. in notes; 46 Ind., 41, 35; Mor. Corp., 269, 300, 301, 302, 306—308.

(b) This case differs from those of Hendrix *vs.* The Academy of Music (Sept. Term, 1884), and Academy of Music *vs.* Flanders Brothers (Oct. Term, 1885); 1 GEORGIA LAW REPORTER, p. 227.

(c) Vague, general and uncertain allegations that the charter of a company is contrary to law and the Constitution of the State, and that its existence as a legal corporation is denied, make no question upon

which an issue of law or fact could be taken. Besides, this question was abondoned in this court.

Judgment affirmed.

Hawkins & Hawkins; E. G. Simmons, for plaintiffs in error.

Guerry & Son; C. B. Hudson, for defendant.

---

## HUBBARD *vs.* ANDREWS & CO.

CLAIM, FROM TROUP. Mortgages. Liens. Vendor and Purchaser. Title. (Before Judge Harris).

Hall, J.—1. A mortgage, if valid at the place where executed, is valid everywhere; and a mortgagee of personalty in another State may follow it into this State and foreclose the mortgage in the county where it may be found. 45 Ga., 549.

2. Where a mortgage on personal property was regularly made and recorded in another State, and the property having been brought into this State, the mortgagee followed it and foreclosed his mortgage in the county where the property was found, and caused it to be levied, which was done before the expiration of the time allowed for the registry of such a mortgage in this State, the foreclosure was valid as against a *bona fide* purchaser of the property without notice of the encumbrance, although the mortgage was not recorded in this state until after its foreclosure. Code, §§1956, 1957.

(a) This case differs from those of Douglas *vs.* McCracken, 52 Ga., 596, and Richards Bros. *vs.* Myers & Marcus, 63 Id., 762.

Judgment affirmed.

Benj. H. Bigham, by brief, for plaintiff in error.

No appearance for defendants.

---

## TRUSTEES FIRST METHODIST CHURCH *vs.* CITY OF ATLANTA.

REFUSAL OF INJUNCTION, FROM FULTON. Constitutional Law. Tax. Streets and Sidewalks. Public Policy. Religious Corporations. Laws. Construction. Trusts and Trustees. (Before Judge Clarke).

[Jackson, C. J., being disqualified, did not preside in this case.]

Hall, J.—1. In 70 Ga., 817, this court held that an act of the general assembly conferring upon a municipal corporation authority to assess real property, abutting on a street, for improvements made thereon, did not involve the exercise of the taxing power within the meaning of that term as used in the Constitution, and there was a distinction.