## VENABLE v. BURTON.

1. Equity has jurisdiction to reform written instruments where there has been a mistake upon the part of one of the parties, accompanied by fraud upon the part of the other party, just as in cases where there is a mutual mistake.

2. The innocent party to the instrument sought to be reformed, who was ignorant of the fraud of the other party, where such ignorance is excusable, will not, because of the mere lapse of time, be held to be guilty of such laches as not to be entitled to relief in a court of equity, when he moves promptly in the enforcement of his rights after the discovery of the fraud, there being no question as to the rights of third parties or of innocent purchasers.

3. A petition seeking the enforcement of inconsistent rights should, upon special demurrer pointing out such defect, be dismissed, unless the defect is cured by appropriate amendment so as to meet the objection raised by such demurrer.

Argued June 19,—Decided November 14, 1907.

Equitable petition. Before Judge Gober. Forsyth superior court. August 29, 1906.

The petition brought by Burton against Venable alleges substantially the following facts: In the year 1873 petitioner secured for defendant a loan of $100 from one Moore, an uncle of petitioner, "the said Venable offering, as security for said loan, a deed conveying to said Moore the title to lot of land No. 483, . . being the lot adjoining said Venable's house lot, on the north side thereof, . . which lot was well known to petitioner, except the number, which petitioner did not know; neither did Moore know it." Venable wrote and executed a deed conveying to Moore lot of land No. 425 as security for said loan. It is alleged that Venable never owned lot No. 425, but did own lot No.

483, which was pointed out as the lot to be conveyed by said deed, and that Venable knowingly and fraudulently inserted the number 425 in the deed, instead of 483.   Thereafter Moore died, and petitioner, at the request of Venable, paid to the administrator of Moore the amount which· Venable owed the latter on said loan, $207.47, and took a deed from said administrator to the land described in the deed from Venable to Moore, Venable at the same time delivering to petitioner his promissory notes, signed and sealed, for the sum of $207.47.   These notes recite that they were given for the purchase-money of lot No. 425.   Petitioner alleges that he advanced the money to pay the debt owed by Venable to Moore upon the faith of the deed which Venable had executed to Moore to secure the debt,  and accepted a transfer of said security, believing that said deed contained a true description of · the land which had been pointed out by Venable as the land to which he would execute a deed to secure the loan.   Petitioner did not discover the fraud practiced by Venable in substituting the number 425 for the true number of said lot, 483, until 1902.   Wherefore petitioner prayed, that said deeds and notes be reformed by changing the number 425 to 483; that he have judgment on said notes; that lot number 483 be sold and the proceeds applied to the payment of such judgment; and "that petitioner recover lot of land No. 483, with the cost of suit."   The defendant demurred generally and specially.   The court overruled the demurrers, and the defendant excepted.   In his answer he admitted that he borrowed the $100 from Moore, that Burton advanced the money to pay this debt, and that Burton held a deed from the administrator of Moore to the land which had been deeded by defendant to Moore to secure the loan; but he denied that he offered to give lot No. 483 as security for said loan.   "Defendant did not own lot No. 483, but did own lot No. 525, and the intention was to give No. 525 as security, and by mistake defendant wrote 425 instead of 525."   He denied all averments as to fraud upon his part in executing the deed, and alleged usury in the debt which he owed to Burton.   Both sides introduced evidence to support their contentions, except that defendant failed to submit any testimony to support the plea of usury.   The jury returned a verdict in favor of the plaintiff for the amount represented by the notes, and further found that the deeds and notes be so reformed as to em-

brace lot No. 483, instead of No. 425, and that "lot No. 483 . . be sold and the proceeds applied to the discharge of said notes." The court overruled defendant's motion for a new trial, and he excepted.

*J. P. Brooke* and *H. B. Moss,* for plaintiff in error.

*Bell & Wills* and *H. L. Patterson,* contra.

BECK, J. (After stating the facts.)

1. The credibility of the evidence for the plaintiff was a question for the jury. Their verdict shows that they accepted it as true; and in the light of that evidence, the plaintiff was clearly entitled to the relief sought. The contention that even if the plaintiff's evidence presented the truth of the case, he was necessarily remitted to an action for deceit, and that, inasmuch as there was a mistake upon the part of the plaintiff and not upon the part of the defendant, the suit for a reformation of the deed could not be maintained, is not supported by the established doctrine upon the subject of reformation of instruments like the one in question, under rulings of this court, and as made in other States. In the case of *Wyche* v. *Green,* 26 *Ga.* 415, it was held that "The court's charge that a mistake, to be the subject of correction, must be a mistake in which all the parties to the contract participate, was too absolute. If one of the parties to a contract is mistaken in a matter, and the others know that he is and do not apprise him of it, yet the mistake, though not one on their part, is the subject of correction. The case becomes one in which there is a mistake in one of the parties to the contract and a fraud in the others. Such a case is even more readily the subject of relief, at his instance, than is a case in which there is nothing but a mistake, although that be a mistake extending to all the parties." This doctrine was restated in the case of *Shelton* v. *Ellis,* 70 *Ga.* 297, where the court, speaking through Mr. Justice Hall, said, "There is nothing that we are aware of, either in the code or any subsequent decision of this court, modifying the law as here declared. On the other hand, we think there is much confirming the view here taken. Compare with this Code, §§ 3117, 3118 to 3126, both inclusive, and 3180. The condition upon which relief will be granted or denied must, under the sections of the code and the cases cited under them, depend in large measure upon the circumstances of each particular case, and upon all the

facts developed, which should be passed upon by the jury at the final hearing, and ought not to be too closely scrutinized or evenly balanced in these preliminary proceedings." See also 4 Pomeroy's Equity Jurisprudence, §1376, and cases there cited.

The argument of counsel for plaintiff in error, that this was an attempt by the petitioner to take advantage of a fraud practiced, not upon him, but upon another under whom he claims, is not sustained by the facts of the record. While it is true that, by the substitution of the number 425 for the true number 483, fraud was first practiced in the execution of the deed from Venable to Moore, there was a repetition of that fraud when Venable procured petitioner to take up and pay off his debt to Moore, and to take a deed from Moore's administrator to himself. And the effect of the fraud, originally perpetrated against Moore, was, by a repetition of the fraud upon the part of the defendant and the mistake upon the part of Burton, brought to bear directly upon Burton.

2. Nor was Burton cut off from his right to the remedies sought, by laches. He proceeded promptly to enforce his right to the remedy upon the discovery of the fraud which had been practiced. There was nothing in the facts of the case which required the jury to find, or the court to hold, that petitioner was put upon inquiry as to the existence of the fraud. The status of the parties relatively to the land in controversy had remained the same. There is no question here of the intervening rights of third parties or innocent purchasers. Venable had been indulged for many years in the matter of paying a debt, the validity of which he does not deny. Nor was there anything in the mere delay upon which to base either a hope or belief that his fraudulent action in substituting the wrong number in the deed would not be attacked when the fraud was discovered. A plainer case requiring a court of equity to exercise its power of reforming a paper could scarcely be imagined than this which we have before us. Stockbridge *v.* Hudson, 107 Mass. 290; Hutson *v.* Fumas, 31 Iowa, 154; Sable *v.* Maloney, 48 Wis. 331; 18 Am. & Eng. Enc. Law (2d ed.), 100.

3. But although petitioner was plainly entitled to have the instrument in question reformed, and was then entitled either to recover in ejectment, or to obtain a judgment for the amount of his debt and have it declared a special lien upon the land, he was

not entitled to proceed both for a recovery of the land and to have his debt reduced to judgment and made a special lien. The defect in his proceedings is that apparently he sued to enforce both rights, inconsistent as they are, in the same action. The defendant's special demurrer, pointing out this defect, put the plaintiff to his election, and the court should have so ruled, and compelled petitioner to abandon either so much of his suit as sought the recovery of the land, or that portion of the proceeding wherein the recovery of a judgment for the amount of his debt was sought. The failure of the court to do this was error; and for this reason the judgment is

*Reversed. All the Justices concur, except Holden, J., who did not preside.*