SMITH *v.* STANDARD OIL COMPANY OF KENTUCKY *et al.*

PER CURIAM. 1. In a suit by a mother against two alleged tort-feasors, to recover damages for the homicide of the plaintiff's son, where the petition alleged that one of the defendants was an employer of the plaintiff's son while the other was not such employer, a plea by the latter, alleging in effect that the plaintiff had made an accord and satisfaction with this defendant by entering into an agreement whereby the plaintiff would receive a certain sum as compensation under the terms of the workmen's compensation act, and setting forth a copy of the alleged agreement, which contained, over the plaintiff's signature, statements amounting to admissions that the relation of employer and employee existed between the decedent and such defendant, and that the workmen's compensation act was applicable as between them, was sufficient to set forth a valid defense; and the court did not err in refusing to strike such plea on demurrer by the plaintiff. Whether or not the plea was good as a technical plea of accord and satisfaction, it was sufficient to show that the defendant was not liable in a common-law suit for damages in consequence of the injury and death of the plaintiff's son. *Holliday* v. *Merchants & Miners Transportation Co.,* 32 *Ga. App.* 567 (124 S. E. 89), affirmed in 161 *Ga.* 949 (132 S. E. 210).

2. The plaintiff filed an equitable amendment to her petition, alleging that she was induced to enter into the contract referred to in the preceding note by actual fraud on the part of the defendant; that the alleged fraud consisted of statements by the defendant to the plaintiff that her son was an employee of the defendant, which statements at the time made

were known by the defendant to be false, and were made with intent to deceive and defraud the plaintiff, and that they did have such result. *Held,* that the court erred in striking this amendment on demurrer. *Dannelly* v. *Cuthbert Oil Co.,* 131 *Ga.* 694 (63 S. E. 257). After erroneously striking the amendment, all further proceedings were nugatory. *Judgment reversed. All the Justices concur, except Beck., P. J., who dissents, and Gilbert, J., absent.*

No. 9688. MARCH 3, 1934.

*Sam E. & K. R. Murrell* and *H. E. Edwards,* for plaintiff.

*Bryan, Middlebrooks & Carter, Spalding, MacDougald & Sibley, Sumter M. Kelley, G. Eugene Ivey,* and *W. E. Watkins,* for defendants.