## FINLAY *v.* LUDDEN & BATES SOUTHERN MUSIC HOUSE.

1. A stipulation in a contract of conditional sale of personal property, to the effect that if default shall be made in any of the payments therein mentioned, the buyer agrees to return the property, and that the seller or its agent may resume actual possession of the same, taken in connection with the entire language of the contract, is to be construed as placing upon the buyer the duty of delivering the property to the seller *when demanded* after a breach of the contract by the former.

2. Such a stipulation does not authorize the buyer to voluntarily return the property and demand a rescission of the contract upon a breach of the obligations undertaken by him in the contract.

3. The verdict is supported by the evidence, and there was no error requiring the granting of a new trial.

Submitted June 10, — Decided July 26, 1898.

Complaint. Before Judge Ross. City court of Macon. September term, 1897.

*Preston & Ayer,* for plaintiff in error.
*Estes & Jones,* contra.

Cobb, J. The Ludden & Bates Southern Music House sued H. C. S. Finlay for two hundred and sixty dollars principal, and eight per cent. interest from November 3, 1896, alleged to be due on the sale of a piano upon a contract, the material parts of which are as follows: "This certifies that I, H. C. S. Finlay, now residing at Macon, have conditionally purchased of Ludden & Bates Southern Music House, of Savannah, Ga., one piano [described], valued at $280, which I am to use with care during the continuance of this contract; and in case of loss or damage to said instrument before it is fully paid for, I agree to make good such loss or damage. I further agree to pay for the said instrument in the following manner, viz.: $5.00 cash on July 23d, $5.00 on Sept. 23d, $5.00 on Oct. 23d, and the balance $260.00 on Nov. 23d, 1896, amounting in the aggregate to $280.00. I also agree to pay eight per cent. per annum on all past-due payments. And I further agree that, until all of the above-specified payments are fully made, all right and title in the instrument shall remain in said Ludden & Bates Southern Music House; and if default shall be made in either of said payments, or if I shall sell, offer for sale, remove or attempt to remove the said instrument from my aforesaid residence, without the written consent of said L. & B. S. M. H., then and in that case I agree to return the same, and that it or its agent may resume actual possession thereof; and I hereby authorize and empower the said L. & B. S. M. H., or its agent, to enter the premises wherever said instrument may be, and take and carry the same away. And I further agree to pay all expenses incurred

by the said L. & B. S. M. H. in the returning of the said instrument to their warerooms at Savannah, including ten per cent. attorneys' fees and all other legal expenses which may be incurred in obtaining possession of said instrument, or in the collection of any payments due thereon." The defendant in his answer denied the alleged indebtedness, and contended that under the terms of the contract he had the right, upon default in payment, and without any demand upon the part of the plaintiff, to redeliver the piano without expense to the plaintiff, and being unable to pay for the piano, he had done this, and was therefore discharged from any liability; also, that the plaintiff was bound to return to him seventy dollars which he had paid on the contract. Upon the trial there was a verdict for the plaintiff for the amount sued for, and defendant's motion for a new trial being overruled, he excepted. The motion was upon the grounds that the verdict was contrary to law and the evidence, and that the court erred as follows: in holding that, under the contract upon which the suit was based, the defendant did not have the right to rescind, upon being unable to comply with the terms thereof, by redelivery without the consent of the plaintiff; and in charging the jury as follows: "As a matter of right, under the law, the defendant did not have a legal right, of his own volition, without the consent of plaintiff, to rescind the purchase of the piano. Under the contract between the parties, the option to rescind the contract and retake the piano was with the seller of the piano, the plaintiff in this case. Upon a failure to pay any payment, the plaintiff could have rescinded the contract upon doing and performing those things which the law would make incumbent upon him. For instance, the plaintiff, upon failure to meet any payment when it was due, could have retaken the piano upon refunding to the purchaser all that the purchaser had paid on it, except a reasonable amount for rental. He could not retake it and collect the balance due. That was the option of the seller. The purchaser could not, as a matter of right, rescind the contract by refusing to pay anything else and returning the piano against the will of the seller, especially without also tendering along with the piano a reasonable amount for the rental during the time he had it."

It is claimed by the plaintiff in error, that not only the part of the charge excepted to, but the entire charge of the court, was erroneous, as being simply an elaboration of the errors which are claimed to exist in the extract which is above quoted. His contention is, that he had a right, under the contract, whenever default was made in the payment of any amount due thereon, to rescind the contract and return the property. The contract does say that in case of default in any of the payments the buyer agrees to return the property; and if the language relied on by the defendant be considered alone, there might be some foundation for his contention; but considering the contract as a whole, the relation of debtor and creditor clearly exists, and the title to the property sold is retained in the seller for the purpose of securing the debt created by the contract; and the evident intention of the parties being that the property should be security for the debt, it would be unreasonable to hold that the defendant, the party executing the contract, by refusing to pay according to the terms of his contract, would have a right to redeliver the property, rescind the contract, and demand a return of all payments made. Taking into consideration our knowledge of human nature, it is not reasonable that a seller of personal property would give to the buyer the right to set aside the contract at any time by simply refusing to comply with its terms. While the particular language used in the contract and above referred to is peculiar, and, as has been said, standing alone, might be construed as contended for by the defendant, still, taken in connection with its context, it can not be said that the seller intended that it should have such interpretation, nor can it be reasonably said that the buyer would so understand such a contract. Civil Code, § 3673. If the meaning of a contract be doubtful, it must be most strongly construed against the party executing the instrument or undertaking the obligation. Therefore the law will not construe a contract so as to give the debtor the right to destroy it by a simple refusal to comply with it, unless the terms of the contract are so clear and unambiguous as to make irresistible the conclusion that no other result could possibly be reached, and that such was the intention of the parties. Civil Code, § 3675, par. 4. Nor will a contract be so construed

as to authorize one of the parties to take advantage of his own wrong, unless it be plain and manifest that such was the intention of the parties. The verdict was supported by the evidence, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*