## ANDERSON *v.* SWIFT.

1. A stipulation in a written contract of lease, that the lessee should have the privilege of erecting houses on the premises, to be removed by him at the expiration of his lease "or sold to the [lessor] at eight per cent. less the costs of buildings," is not sufficiently certain and reciprocal to support an action by the former against the latter for such cost of the houses, when the plaintiff relies for a recovery solely on the provision in the contract above quoted, and upon the fact that the lessor refused to purchase the buildings when the lease had expired.

2. When a landlord, in his contract of lease with a tenant, agreed to use an effort to remove from the leased premises a certain nuisance, expressly stipulating, however, that if such effort proved unsuccessful the tenant should be satisfied to keep the premises and pay full rent therefor, an action for damages growing out of a failure to use such effort will not lie unless the plaintiff expressly alleges that such effort on the part of the landlord would have been availing. Especially is this true when the contract contemplated work to be first done by the tenant, looking to an abatement of the nuisance, which he never actually performed or offered to perform.

Submitted January 31, — Decided March 15, 1899.

Complaint. Before Judge Candler. DeKalb superior court. February term, 1898.

*R. W. Milner* and *W. W. Braswell,* for plaintiff.
*Candler & Thomson,* for defendants.

LEWIS, J. T. E. Anderson entered into a contract with Elizabeth and Annie Ray Swift, by virtue of which he agreed to rent from them a certain lot of land and houses thereon for a term of one year, at a stipulated rent, with the privilege of occupying the premises for five years at the same rate. The owners of the premises agreed to try to expel bats from the walls of a house on the lot, and remove accumulations and odor therefrom, and to replaster two rooms of the house if necessary to remove the bats, the tenant agreeing on his part to remove the present plastering. It was further stipulated that if successive

efforts to exterminate the bats were unavailing, then the tenant "agrees to be satisfied and to pay full rent for house and lot." In the contract the privilege was granted to the lessee of building other houses on the leased premises, "to be removed by [him] at the expiration of his lease, or to be sold to the [lessors] at eight per cent. less the costs of buildings." In this connection it was further agreed that the lessee should "remove at his expense all houses he builds, or sell said houses to party of the first part at eight per cent. less the first cost, and to replace all fencing that was removed to build said houses." It appears from the record that the lessee occupied the premises for the full term of five years, paying therefor the rent agreed upon, and during his occupancy of the premises he erected thereon nine houses. Just before the expiration of his lease, he offered to sell these houses to his landlords on the terms specified in the contract. They declined to buy, saying they did not wish the houses. No effort was made by them to expel the bats, nor does it appear that the tenant, after entering into this contract, ever did or offered to do the work of removing the plastering from certain rooms mentioned therein, nor did he make any complaint to the owners in regard to any nuisance or trouble caused by the bats. These facts appear from the petition brought by the tenant. against his landlords, after the expiration of his lease, for the purpose of recovering from them the cost of erecting the houses, less the discount mentioned in the contract, and also damages resulting from a failure on their part to expel the bats from the rented premises. The petition was dismissed on general demurrer, and to this judgment of the court the plaintiff excepted.

1. It is impossible to gather from the terms of the contract sued on in this case what was the real intention of the parties with reference to the houses which were erected by the plaintiff on the premises. The contract simply declares that the tenant should remove at his expense all houses he might build, or sell the houses to the owners of the premises at eight per cent. less than the first cost. It would have been a difficult matter to have made language more ambiguous. The plaintiff, on the one hand, might have entertained the idea when

he entered into the agreement that he had the option either to remove the buildings erected by him, or compel the lessors to purchase them on the terms mentioned. On the other hand, the language used would, to say the least of it, with as much force sustain the position of the defendants that they had the option of purchasing the houses or not, as they saw proper. The action is based solely upon the stipulation contained in this written contract. There is no pretense that there was any understanding between the parties outside of what is contained in their written agreement. Nor is there any allegation in the petition that the contract as written was understood by the defendants, as well as by the plaintiff, to mean what he contends, and no foundation whatever is laid for the introduction of extrinsic evidence to explain the ambiguity in the written instrument. It is not only necessary that a plaintiff in his petition should clearly and distinctly set forth his cause of action, but it is equally as important that the facts upon which he relies for a recovery should clearly and distinctly show that he has a legal cause of action. This burden in pleading being upon the plaintiff, and he having failed to carry it by any allegation showing an obligation on the part of the defendants to pay for the houses in question, we think the demurrer, as to this count in the declaration, was properly sustained. It is true that the plaintiff alleges in his petition that some of the houses erected by him had been, since the expiration of his lease, occupied and rented out by the defendants; but this was not an action to recover anything for the use and occupation of the houses, even if such an action was maintainable under the facts appearing. The suit is to recover the value of the houses themselves, estimated upon the basis stipulated in the contract. The defendants expressly declined to purchase, and any use they might make of the houses after being left upon their premises could not be construed into an implied contract to pay for them.

2. Complaint is further made in the petition, that the defendants failed to make any effort whatever to remove the bats, their accumulations or odor, from any of the rooms of the house located on the premises when the same were rented, and

that in consequence of such failure two of the rooms were so full of this offensive odor as to be uninhabitable, to the injury and damage of the plaintiff in the sum of one hundred dollars.   There is, however, no allegation that even if a reasonable effort had been made by the defendants to abate this nuisance, it would probably have proved successful.   In view of the express terms of the contract to the effect that no right of action would exist in the event such an effort should prove unavailing, we think such an allegation was indispensable. Pleadings should be construed most strongly against the pleader. It is fairly inferable from the facts disclosed by the petition that the nuisance was caused by bats getting within the walls of the house, and the only remedy which the contract seems to contemplate in order to get rid of them was by a removal of the plastering.   This work had to be done first, and under the terms of the contract the duty of removing the plastering devolved exclusively upon the plaintiff himself.   So far as appears, he never did or offered to do this preliminary work, nor does it appear that he ever during his occupancy of the premises complained of the nuisance or called upon his landlords to make an effort to abate it.   In view of the peculiar terms of the contract, it would require somewhat careful and refined pleading to state a good cause of action in this respect, and certainly the plaintiff does not, in the petition filed by him, make it appear that he has just cause of complaint because of the failure of his landlords to make what the parties evidently regarded as nothing more than an experiment, the success of which was so doubtful that they expressly stipulated to the effect that its failure would not relieve the tenant from the obligation of paying full rent.

*Judgment affirmed.   All the Justices concurring.*