*James L. Mayson, W. D. Ellis Jr.,* contra.

---

### 3150.  MILLEDGEVILLE COTTON CO. *v.* CARY.

The courts will not construe a contract so as to allow one of the parties to take advantage of his own wrongful breach thereof, unless it be plain and manifest that such was the intention of the parties.
                    DECIDED JUNE 7, 1911.

Action on contract; from city court of Sparta—Judge Moore. December 16, 1910.

*Burwell & Fleming, Hines & Vinson,* for plaintiff.

*R. L. Merritt,* for defendant.

POWELL, J.   On August 31, 1909, Cary made a binding contract with the Milledgeville Cotton Company to deliver 50 bales of cotton between October 1 and November 15, 1909, at the price of 12 cents per pound.  One clause of the contract provided that if Cary should "dispose of any part of his crop before the contract is filled, then the entire number of bales due under this contract shall be-

come due." Cary wholly failed to deliver the cotton. The difference between the contract price and the market price on November 15 was 2½ cents per pound in the buyer's favor. Cary made no denial of the contract, but set up, in defense to the suit brought to recover this difference, that on September 16, 1909, he sold a part of his crop, and that on that date the difference between the contract price and the market price was only a half cent per pound in the buyer's favor, and that as, under the terms of the contract, if he disposed of any of the cotton before carrying out the contract, the entire amount should become deliverable at once, the damages for the breach should be assessed on the basis of this half cent per pound, instead of upon the basis of 2½ cents per pound, which came about by reason of the fact that the market price continued to rise. The evidence was practically undisputed, and the court charged the jury that if they found that Cary sold a part of his crop on the 16th of September, they should assess the damages on the basis of the market price as of that date. It was proved without contradiction that this sale had taken place, and it was not shown that the Milledgeville Cotton Company had any knowledge of it; on the contrary, it was shown that during the life of the contract the company continued to demand the cotton. The jury assessed the damage in favor of the plaintiff at the rate of a half cent per pound, and the plaintiff excepts.

We think that the court erred in allowing the defendant to take advantage of his own wrongful breach of the contract. Under what we conceive to be a proper construction of the contract, the provision which related to Cary's disposing of any part of his crop before he fulfilled the contract gave to the plaintiff, and not to the defendant, the right to insist upon immediate delivery of all the cotton, when that act took place. The plaintiff had the right to waive the defendant's breach in this respect, and, according to the evidence, did so by continuing to demand the fulfillment of the contract. It may be that if the defendant had renounced the contract, and had given the plaintiff notice of his renunciation, an anticipatory breach would have occurred, of such a nature as to make the day of the renunciation the day on which the damages should be measured; but in this case no notice to the plaintiff was shown. On the general question involved, the case of *Finley* v. *Ludden*, 105 *Ga.* 264 (31 S. E. 180), is strongly in point. As the

Supreme Court there said: "The law will not construe a contract so as to give the debtor the right to destroy it by a simple refusal to comply with it, unless the terms of the contract are so clear and unambiguous as to make irresistible the conclusion that no other result could possibly be reached, and that such was the intention of the parties. Civil Code, § 3675, par. 4 [Civil Code (1910), § 4268]. Nor will a contract be so constructed as to authorize one of the parties to take advantage of his own wrong, unless it be plain and manifest that such was the intention of the parties." The evidence demanded a verdict in the plaintiff's favor for the full amount sued for.  *Judgment reversed.*