Macon Auto Company *v.* Heard; *et vice versa.*

Lumpkin, J. 1. Taking the evidence introduced in behalf of the plaintiffs as a whole, there was no error in granting a nonsuit.

(a) If the suit involves a contention that a certain contract between an individual purchaser and a vendor was transferred to a firm, a contract right to purchase designated property, within a given time, at a stipulated price, upon the credit of the person owning such right, is not assignable. *Sims* v. *Cordele Ice Co.*, 119 *Ga.* 597 (46 S. E. 841).

(b) Considered as an effort to establish a fiduciary relationship between the plaintiffs and the principal defendant, and to bring the case within the rule that a fiduciary can not make a personal profit at the expense of a trust estate, or an agent at. the expense of his principal, or as seeking to establish a resulting trust, the evidence introduced by the plaintiffs failed to sustain such contention. On the contrary, it showed that the plaintiffs, or some of them who were partners at the time of the transaction, entered into a contract with the principal defendant, of a character irreconcilable with the theory that the original contract by such defendant to purchase gasoline from a third party became in equity a contract on behalf of the firm. Moreover, it showed that the firm did not seek to carry out all of the terms of such contract, but claimed the right to do so only so far as it was desirable for them. In other respects also the evidence for the plaintiffs was too loose, vague, and uncertain to make out a case.

2. Inasmuch as a nonsuit was granted, and that judgment is affirmed,

thus finally putting out of court the case brought, it is unnecessary to decide whether or not a demurrer to the petition was properly overruled. Accordingly the cross-bill of exceptions is dismissed with direction that such dismissal shall not adjudicate the merits of the demurrer. Civil Code (1910), § 6139.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed, with direction. All the Justices concur.*

AUGUST 18, 1914.

Equitable petition. Before Judge Mathews. Bibb superior court. May 13, 1913.

*Oliver C. Hancock* and *Walter Defore,* for plaintiffs.

*R. D. Feagin* and *J. F. Urquhart,* for defendant.