*James R. Whitaker,* for plaintiff.

*C. C. Pittman, G. H. Aubrey,* for defendant.

---

## 14530.  GEER *v.* GROW.

Where a promissory note payable on May 1, 1921, contained a stipulation that if the maker was unable to pay it at maturity, it was to be divided into two notes, one to be payable "in the fall of 1921," and the other "in the fall of 1922," and where the payee filed suit upon the original note in April, 1922, the defense that a part of the obligation had not matured before the filing of the suit was not maintainable, where the maker showed only that he was unable to pay the original note at maturity. He should have proved further than he gave or tendered the new notes in compliance with the condition precedent to his right to enforce the extension agreement.

DECIDED NOVEMBER 27, 1923.

Complaint; from Miller superior court—Judge Custer. February 24, 1923.

*W. I. Geer,* for plaintiff in error.

*R. W. Grow,* contra.

BELL, J.  R. W. Grow, the payee, brought suit against W. I. Geer, the maker, to the April term, 1922, of the superior court of Miller county upon a promissory note dated October 14, 1920, due May 1 after date, but containing a stipulation as follows: "If Geer sells his peanuts for enough to extinguish it, then he is to pay it. When this note is due, if Geer is not able to pay, then it is to be divided into two notes, one due in 1921 and the other in 1922." Geer filed a defense setting up that under the conditions of the note only one half of it had matured, and that the plaintiff was not entitled to recover the remainder in the present action. A verdict was found for the plaintiff for the full amount sued for. Geer excepted to the overruling of his motion for a new trial.

Upon the trial the plaintiff testified that on the failure of Geer to pay the note at maturity he demanded the new notes, one to be payable in the fall of 1921, and the other in the fall of 1922. The defendant testified that he was unable to sell his peanuts for enough to extinguish the note, and was unable to pay it at maturity. Some, if not all, of the peanuts had been destroyed by fire in the

warehouse. While he emphatically denied that the payee had ever demanded the execution of the new notes, he did not show that he had ever tendered them. Both parties appear to have construed the instrument as providing that if the new notes were executed, they would become due in the "fall of 1921" and the "fall of 1922," respectively.

If the construction of the contract is doubtful, that which goes most strongly against the party executing the instrument or under-taking the obligation is generally to be preferred. Civil Code (1910), § 4268 (4). Conditions may be precedent or subsequent. In the former the condition must be performed before the contract becomes absolute and obligatory upon the other party. Civil Code (1910), § 4224. In case of concurrent conditions to be simultaneously performed, if one party offers to perform and the other party will not, the first is discharged from the performance of his part, and may maintain an action against the other. Civil Code (1910), § 4302. We think that this instrument, properly construed, is an unconditional promise on the part of Geer to pay a sum of money, but containing an option granted by the payee, under which an extension of the maturity might be obtained upon the performance by Geer of certain conditions precedent. Before he would be entitled to maintain the defense that one half of the note was not mature at the time of the filing of the action, it was incumbent upon him to show not only that he was unable to pay the note according to its original terms, but also that he gave or tendered the new notes in renewal. His evidence was lacking in this material respect, and a verdict was demanded against him for the full amount of the note. It is thus immaterial whether Grow demanded the notes or not, and it was therefore error without prejudice if the court, as is complained of in the motion for a new trial, improperly assumed or expressed an opinion in his charge to the jury that the plaintiff had in truth made such a demand. It follows that the trial court was right in overruling the motion for a new trial. See *Finlay* v. *Ludden & Bates,* 105 *Ga.* 264 (1) (31 S. E. 180) ; *Milledgeville Cotton Co.* v. *Cary,* 9 *Ga. App.* 391 (71 S. E. 503) ; *Haag* v. *Rogers,* 9 *Ga. App.* 650 (1) (72 S. E. 46) ; *Anderson* v. *Swift,* 106 *Ga.* 748 (2) (32 S. E. 542) ; *Strickland* v. *Bank of Cartersville,* 141 *Ga.* 565 (1) (2), 571 (81 S. E. 886).

We do not find cause for awarding damages against the plaintiff in error in accordance with the motion of the defendant in error therefor.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*