## COTTERILL *v.* HOPKINS.

BELL, Justice. 1. "The compromise of a doubtful claim is a sufficient consideration to support a promissory note fairly given in settlement of the controversy." *Johnson* v. *Redwine,* 98 *Ga.* 112 (25 S. E. 924) ; *City Electric Ry. Co.* v. *Floyd County,* 115 *Ga.* 655 (42 S. E. 45) ; *Belt* v. *Lazenby,* 126 *Ga.* 767 (2) (56 S. E. 81) ; *Preston* v. *Ham,* 156 *Ga.* 223 (1 *d*) (119 S. E. 658) ; Civil Code (1910), § 4330.

2. A contract will not be so construed as to authorize one of the parties to abrogate it by his own default, "unless it be plain and manifest that such was the intention of the parties." *Finlay* v. *Ludden,* 105 *Ga.* 264 (31 S. E. 180).

3. Where after the termination of a partnership the parties differed as to their respective rights and liabilities, and in order to settle the controversy one of them gave notes to the other in pursuance of an agreement that the execution and acceptance of such notes would constitute "a full and final accord and satisfaction" of all "demands and liabilities" arising under the contract of partnership, the maker of the notes could

not nullify the accord and reopen the accounts by his mere failure or refusal to pay the notes, where the right to do so was not clearly reserved.

4. In the instant case such right was not reserved by the following stipulation in the contract of settlement: "Payment of this balance is made by notes, and the failure of either party to carry out this agreement voids this agreement and leaves their rights and remedies unimpaired;" nor by a statement to the same effect as contained in a subsequent agreement whereby other notes of the maker were substituted for some of those originally executed.

5. The stipulation referred to might have given the payee the right to avoid the settlement on default of the maker and might have given the same right to the latter on refusal of the payee to accept payment as agreed; but the maker could not fail or refuse to pay the notes and thereafter take advantage of his own default by claiming that the effect of such default was to render the agreement of settlement inoperative, the contract as a whole not having clearly provided for such action. *Milledgeville Cotton Co.* v. *Cary*, 9 *Ga. App.* 391 (71 S. E. 503) ; *Haag* v. *Rogers*, 9 *Ga. App.* 650 (72 S. E. 46) ; Central Oil Co. *v.* Southern Refining Co., 154 Cal. 165 (97 Pac. 177) ; Stewart *v.* Griffith, 217 U. S. 323 (30 Sup. Ct. 528, 54 L. ed. 782, 19 Ann. Cas. 639) ; New Zealand Shipping Co. *v.* Society Des Atliers, 2 King's Bench, 717, 723; 87 Law Journal King's Bench, 746, 749.

6. Under the allegations of the petition, the plaintiff maker was not entitled to injunction against suit upon the notes, or to the relief of cancellation or accounting. The court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

No. 10421. JANUARY 18, 1935. REHEARING DENIED FEBRUARY 20, 1935.

*Butler, McCollister & Thompson,* for plaintiff.
*John M. Slaton,* for defendant.