LEE *et al. v.* LEE *et al.*

Nos. 13550, 13551.  MARCH 15, 1941.

734

*Garrett & McDonald* and *Parker & Parker,* for plaintiffs.

*E. O. Blalock,* for defendants.

BELL, Justice. ■ The preceding statement is not intended to show all the facts contained in the record. In the view which we take of the case, the facts other than those set forth could not change the result, and therefore need not be stated. Part if not the whole consideration *appearing in the contract* for the promises of the defendant Georgia A. Lee in reference to the lands in question, and as to discounting her note against her father's estate as therein stated, was a stipulation by her brother John J. Lee, the only other signatory party, that he himself had a claim against the estate "in the principal sum of $500 as evidenced by a promissory note" signed by his father, and that he would accept in full settlement thereof "such an amount as a majority of the adult heirs might think him entitled to," as the value of the estate should be determined. The petition alleged in effect that the plaintiffs, including John J. Lee, were ready, willing, and able to comply with this stipulation. The evidence, however, showed that the only note John J. Lee held against the estate was a note for the principal sum of $350. While the estate was in better condition for owing a note in the lesser amount, yet the potential detriment to John J. Lee would have been greater had he held a note for the amount stipulated. The parties had the right to contract on the basis of reciprocal detriment, and the covenant of John J. Lee in that respect appears to have been a material one. A party seeking specific performance of a contract must show substantial compliance with his part of the agreement; otherwise he is not entitled to a decree. Code, § 37-806; *Robinson* v. *Vickers,* 160 *Ga.* 362 (2) (127 S. E. 849); *Ledbetter* v. *Goodroe,* 179 *Ga.* 69 (4) (175 S. E. 250). Even if the evidence would have authorized an inference that the stipulation of John J. Lee as to having a note for the principal sum of $500 was inserted by mistake on his part, and if such mistake could have been relieved in some way, yet there was no effort whatever to make amends by offering any equivalent of what he had promised, or otherwise. Hence, according to the evidence, there was a failure to comply substantially with his part of the agreement as set forth therein.

While the difference in the amount of the note may not be large, the parties themselves determined the consideration, and it is not for the court to make a different contract for them. Nor is the difference so small that it may be disregarded under the maxim de minimis non curat lex; and this is true even though there may have been other considerations not specifically expressed in the writing.

Several assignments of error complain of rulings of the court rejecting evidence offered by the plaintiffs. The evidence excluded would not have cured the defect herein pointed out, and therefore we need not pass upon these assignments.

For the reasons stated, regardless of other questions argued, the judge did not err in awarding a nonsuit. We are not here deciding that the contract was sufficiently definite or otherwise good in law. As against a demurrer, the plaintiffs obtained a ruling that the contract was good, and the sum of what we are now holding is, that, even on that theory, the plaintiffs did not prove their case as laid.

■ Nor was it error to direct the verdict in favor of the complainant in the cross-action. The amendment offered by the plaintiffs did not state any defense, and was properly disallowed. It related only to consideration for the agreement of Georgia A. Lee to "scale" her note by accepting therefor such an amount as a majority of the adult heirs might determine as fair and proper; whereas a recovery on the note could not be defeated by the mere establishment of such agreement. Assuming that the agreement was sufficiently definite and otherwise binding in every respect, still, in order to use it as a defense, it would have been incumbent on the plaintiffs to go further and show that in pursuance thereof a majority of the adult heirs had actually determined the amount that should be accepted. Under the terms of the agreement, there was no duty on Georgia A. Lee to take the initiative for the purpose of bringing about such determination. *Finlay* v. *Ludden & Bates Southern Music House,* 105 *Ga.* 264 (31 S. E. 180); *Goldberg* v. *Provident Washington Insurance Co.,* 144 *Ga.* 783 (87 S. E. 1077); *Geer* v. *Grow,* 31 *Ga. App.* 254 (120 S. E. 426).

■ There being no pleading or evidence to the effect that any such determination had been made, and no other defense having

been pleaded, the rejection of certain testimony offered by the plaintiffs on the trial of the cross-action was not erroneous, and the court properly directed the verdict for the amount of the note sued on. Since both the judgments complained of in the main bill of exceptions, one being a nonsuit, must be affirmed, it is unnecessary to determine whether the court erred in overruling the demurrer to the petition for specific performance, as contended in the cross-bill of exceptions. Accordingly that bill of exceptions is dismissed, with direction that such dismissal shall not adjudicate the merits of the demurrer. *Macon Auto Co.* v. *Heard,* 142 *Ga.* 264 (2) (82 S. E. 658).

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed, with direction. All the Justices concur.*