Merle Harp Thompson *v.* Charles S. Thompson; *et vice versa.*

Bell, Justice. 1. There is no merit in the motion to dismiss the writ of error on the main bill of exceptions.

2. In a suit by a husband for a divorce, the court entered a decree granting a total divorce between the parties, and in the same judgment awarded to the wife a cash sum as alimony in accordance with a purported written agreement signed by them. Thereafter the wife filed a petition entitled in the divorce suit, which sought relief in three counts. In the first count, she alleged in effect that two days before entry of such decree, an answer and cross-action that had been filed in her behalf was dismissed on direction of her leading attorney, without her knowledge or consent, and contrary to her instructions; in which count she prayed that the judgment as above described be set aside and declared void. The court on February 14, 1947, overruled a general demurrer filed by the husband to this count. On March 14, he filed a written motion to dismiss such motion or petition of the wife as contained in count 1, on the ground that after he had paid to her attorney the sum required by the judgment as alimony and the attorney had delivered to her his own check in settlement of the judgment, such check was at her instance certified by the bank on February 26, 1947; it being contended that, in thus accepting such check and having it certified, the wife had acquiesced in the judgment and had waived her right to have it set aside as prayed. On the trial of such motion as filed by the husband, it was stipulated that the check had been received and certified as alleged. On May 7, the trial judge passed an order sustaining such motion and dismissing count 1 of the wife's petition. To this judgment she excepted. *Held:*

(*a*) The certification of the check by the bank at the instance of the wife amounted to payment of the check as to all parties except her and the bank, and resulted, therefore, in a settlement of the judgment for alimony. Code, §§ 14-1705, 14-1706, 14-1707; *McIntire* v. *Raskin,* 173 *Ga.* 746 (2) (161 S. E. 363).

(*b*) Having accepted the amount awarded by the judgment as alimony, she was estopped, while retaining it, from further prosecuting her petition to set aside the decree of divorce as contained in the same judgment. *Owens* v. *Read Phosphate Co.,* 115 *Ga.* 768 (42 S. E. 62); *Allen* v. *Allen,* 198 *Ga.* 267 (31 S. E. 2d, 481); *Stallings* v. *Shell Petroleum Corp.,* 54 *Ga. App.* 359 (2) (188 S. E. 50); *Kent* v. *United States Fidelity & Guaranty Co.,* 54 *Ga. App.* 400 (1) (187 S. E. 887); Harris *v.* Harris, 89 Fed. 2d, 829; Kleppe *v.* Kleppe, 103 Ind. App. 405 (8 N. E. 2d, 93); Gerbig *v.* Gerbig, 60 Nev. 292 (108 Pac. 2d, 317); 2 Am. Jur. 981, § 219; 27 C. J. S. 848, § 188, b.

(*c*) The present case is distinguished by its facts from the case of *Boone* v. *Boone,* 192 *Ga.* 579 (2) (15 S. E. 2d, 868), where it was held that the trial court did not err, as contended by the wife, in overruling her motion for a new trial as related to divorce while granting a new trial on the issue as to alimony. It did not appear in that case that the wife had accepted any part of the sum awarded to her as alimony, and no question as to waiver or estoppel was involved.

(d) Nor does the judgment of May 7 appear to be erroneous, as insisted, upon the ground that the previous order of February 14 overruling general and special demurrers to count 1 fixed the law of the case to the contrary; it affirmatively appearing in the wife's bill of exceptions that the husband (demurrant) had duly excepted pendente lite to such previous order, and there being nothing to show that such exceptions pendente lite were not still of force at the time of rendition of the judgment of May 7, to which the wife excepted. *Garrick* v. *Tidwell*, 151 *Ga.* 294 (2) (106 S. E. 551); *Turnipseed* v. *State*, 53 *Ga. App.* 194 (185 S. E. 403). The decision in *Coolidge* v. *Sandwich*, 49 *Ga. App.* 564 (176 S. E. 525), so far as it may have ruled anything inconsistent with the conclusion here stated, will not be followed, in view of the ruling in *Garrick* v. *Tidwell*, supra. Compare *Holmes* v. *Southern Railway Co.*, 145 *Ga.* 172 (1) (88 S. E. 924. Ann. Cas. 1918 D, 1182). See also, in this connection, *Young* v. *Ewing*, 136 *Ga.* 172 (2) (71 S. E. 5); *Macon Auto Co.* v. *Heard*, 142 *Ga.* 264 (2) (82 S. E. 658).

3. Under the preceding rulings as applied to the order of May 7, the court did not err, for any reason urged, in sustaining the motion of the husband to dismiss count 1 of the wife's petition; it appearing without dispute from the pleadings and the evidence that the issues presented by this count had become moot in the trial court by the action of the wife in accepting the sum awarded as alimony. In the circumstances, the wife was estopped from seeking the relief prayed in this count, even though it was filed within the 30-day period prescribed by the act approved January 28, 1946, relating to procedure in divorce and alimony cases. Ga. L. 1946, p. 90.

(a) In this view, it is unnecessary to pass on the cross-bill of exceptions, which relates solely to count 1.

4. The wife in her bill of exceptions also assigned error upon exceptions pendente lite, which had been taken by her to so much of the judgment of February 14, 1947, as sustained general demurrers to counts 2 and 3 of her petition, such petition having been filed at the next succeeding term of the court after entry of the judgment for divorce and alimony. See Ga. L. 1905, p. 89; *Crowell* v. *Crowell*, 191 *Ga.* 36 (11 S. E. 2d, 190). In each of these counts, she prayed for reformation of the purported agreement for alimony, cancellation of another agreement connected therewith, and modification of such judgment or decree; it being alleged in effect (among other things) that she signed such purported agreements on December 14, 1946, without reading them or having them read to her, upon the insistent representations by her own attorney in Amarillo, Texas, where she was then living, and an attorney for the husband, with respect to their contents, and that these papers did not, as was stated by the attorneys, accord with what she had previously agreed as to settling alimony for the support of "their minor son" during his minority, upon the husband's legal and formal recognition of such minor child as "his own legal son," the agreements as signed containing no reference whatever to the child.

(a) Counts 2 and 3 were different from count 1, in that they did not attempt to avoid or set aside the judgment, but the principal relief sought was reformation of the main contract between the parties and modifica-

tion of the judgment. Accordingly, the action of the petitioner (wife) in accepting and retaining the alimony as awarded to her by the original judgment did not prevent her from seeking such relief of reformation and modification, it appearing from the allegations in each of these counts (2 and 3) that she would be entitled to retain the sum that she had received, regardless of whether the contract should be reformed and the judgment modified as prayed. *Dannelly* v. *Cuthbert Oil Co.,* 131 *Ga.* 694 (1), 700 (63 S. E. 257); *Collier* v. *Collier,* 137 *Ga.* 658 (3) (74 S. E. 275, Ann. Cas. 1913 A, 1110); *Blaylock* v. *Hackel,* 164 *Ga.* 257 (3, 4) (138 S. E. 333); 53 C. J. 967, § 101. It follows also that counts 2 and 3 were not rendered moot, as appears to have been true with respect to count 1.

(*b*) The act of January 28, 1946, in providing that a verdict or judgment for total divorce and permanent alimony shall not become final for a period of 30 days but shall become final at the expiration of such period, "unless some person at interest shall file in said court a written petition setting forth good and sufficient grounds for the modification or setting aside of such verdict or judgment," was evidently intended to retain at least to some extent the restraint imposed by the former law against hasty dissolution of the marital relation, and thus to allow any party at interest, including husband or wife, as a matter of right and regardless of his or her failure to act earlier, to plead any good and sufficient cause for the modification or setting aside of such verdict or judgment at any time within such 30-day period. Ga. L. 1946, p. 90; *Dugas* v. *Dugas,* 201 *Ga.* 190 (1) (39 S. E. 2d, 658). Compare *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593).

(*c*) Equity has jurisdiction to reform written instruments where there has been a mistake on the part of one of the parties, accompanied by fraud or inequitable conduct on the part of the other party, just as in cases where there is a mutual mistake. *Wyche* v. *Greene,* 26 *Ga.* 415; *Dannelly* v. *Cuthbert Oil Co.,* 131 *Ga.* 694 (1), 700 (supra); *Lynch Enterprise Finance Corp.* v. *Realty Construction Co.,* 176 *Ga.* 700 (2) (168 S. E. 782); *McDonald* v. *Mullins,* 197 *Ga.* 511 (29 S. E. 2d, 507). Under this principle, counts 2 and 3 each contained sufficient allegations to show mistake on the part of the petitioner and fraud on the part of her own attorney, known to the attorney for the husband; and each count alleged a cause of action for reformation of the principal contract, so that it would include recognition or acknowledgment by the husband that he was the father of the child born to the wife before their marriage, together with an agreement on his part that the amount of alimony agreed upon was to be paid for the support of such child during its minority, and for modification of the judgment accordingly. As to conduct of attorneys and known violation of instructions, see Code, §§ 37-704, 37-707; *Evans* v. *Brooke,* 182 *Ga.* 197 (184 S. E. 800); *Elliott* v. *Elliott,* 184 *Ga.* 417 (191 S. E. 465); *Reece* v. *McCormack,* 188 *Ga.* 665 (4 S. E. 2d, 575). See also, in this connection, Code, § 74-102; *Johnson* v. *Johnson,* 131 *Ga.* 606 (3) (62 S. E. 1044); *Orr* v. *Orr,* 197 *Ga.* 866 (30 S. E. 2d, 900).

(*d*) Under the rulings made above, the court erred in sustaining the general demurrers to counts 2 and 3 and striking or dismissing these counts.

*Judgment on the main bill of exceptions affirmed in part, and reversed in part; cross-bill dismissed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15899, 15900. DECEMBER 1, 1947.

G. *Seals Aiken*, for plaintiff in error.
*Grant, Wiggins, Grizzard & Smith*, contra.