36181. MITCHELL *v.* ASBURY.

DECIDED SEPTEMBER 28, 1956—REHEARING DENIED OCTOBER 17, 1956.

*W. R. Bentley, Northcutt & Edwards, W. S. Northcutt, Edwin R. Johnston,* for plaintiff in error.

*S. T. Ellis, Ernest M. Smith,* contra.

FELTON, C. J. In support of his plea of accord and satisfaction the defendant alleged that all moneys which had become due to the plaintiff under the contract sued on had been paid by a check given to the plaintiff and accepted by him in full settlement of the account. The plaintiff contends that he did not accept such check in full settlement of the amount due, but only as a part payment thereof. The check contained on its face the notation, "In full settlement of account." The plaintiff testified that he took the check to the Farmers Bank in Locust Grove and had it certified. The check is still in the plaintiff's possession. The evidence demanded the finding in favor of the defendant on its plea of accord and satisfaction. "If a creditor remits a sum of money to his debtor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his debtor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not there-

after be recovered by the creditor in an action instituted for that purpose (Chicago Ry. Co. *v.* Clark, 178 U. S. 353, 366, 20 Sup. Ct. 924, 44 L. ed. 1099); and this is true under our law whether the debtor's claim or demand be liquidated or unliquidated, disputed or undisputed." *Rivers* v. *Cole Corp.,* 209 *Ga.* 406, 408 (73 S. E. 2d 196). The certification of the check by the bank at the instance of the plaintiff amounted to a payment of the check as to all parties except the plaintiff and the bank. *Thompson* v. *Thompson,* 203 *Ga.* 128 (2a) (45 S. E. 2d 632). The notation placed on the check by the bank at the time it was presented for certification was: "Good for 3224.27. When properly endorsed March 13, 1954, (Signed) Julian A. Brown." The plaintiff contends that such notation did not amount to a certification of the check because it does not appear that Julian A. Brown was authorized to certify the check. This notation is not the only evidence concerning the certification. The plaintiff testified that he took the check to the bank for the purpose of having it certified so that he would have at least the face amount of the check in case he could not collect the balance he alleged was due him. He further testified that the check was certified. This did not amount to a mere conclusion on his part because he could have based the testimony that the check was certified on the fact that he knew Julian A. Brown was a person authorized to certify checks for the Farmers' Bank.

At the end of each year's operation the parties would make up a settlement sheet which reflected the year's operation and from which a settlement for that year was taken. While the settlement sheets for the prior years contained the notation, "Subject to correction of any errors or omissions," the settlement sheet for the year 1953, the final year of operation between the parties, did not contain such a notation.

The remaining assignment of error which complains of the exclusion of certain evidence is without merit. Since the evidence excluded did not relate to the issue of acceptance of the check and its certification, and since the evidence concerning that issue demanded a finding for the defendant, the exclusion of the evidence was not error.

Since the evidence demanded a verdict in favor of the defendant on his plea of accord and satisfaction, the court did not err

in directing a verdict for the defendant and in denying the amended motion for a new trial.

Judgment affirmed. Quillian and Nichols, JJ., concur.