### 36401. BUTLER, Executrix *v.* JACKSON.

CARLISLE, J. 1. "Where, in ruling upon demurrers, the trial court allows time for the filing of an amendment, such court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the earlier judgment on the demurrers, and such earlier judgment or judgments shall not be subject to exception or review." *Weinstein* v. *Rothberg,* 87 *Ga. App.* 94 (73 S. E. 2d 106); *Sellers* v. *City of Summerville,* 88 *Ga. App.* 109 (76 S. E. 2d 99); *Aiken* v. *State Farm Mutual &c. Ins. Co.,* 88 *Ga. App.* 131 (76 S. E. 2d 141); *Godwin* v. *Hudson,* 93 *Ga. App.* 858 (93 S. E. 2d 379). The assignment of error contained in the bill of exceptions upon the judgment of June 7, 1956, sustaining the general demurrer to the petition and allowing time within which to amend, is not subject to review.

2. "A petition either in law or in equity must plainly, fully, and distinctly set forth a cause of action (Code of 1933, § 81-101); and it is equally important that the facts upon which the petitioner relies for recovery should clearly and distinctly show that he has a cause of action (*Anderson* v. *Swift,* 106 *Ga.* 748, 750, 32 S. E. 542), and the 'facts must be so plainly and fully and distinctly set forth as to inform the opposite party of the grounds of the plaintiff's action, to enable the jury to find an intelligible and complete verdict, and to enable the court to declare distinctly the law of the case.' *Murphy* v. *Lawrence,* 2 *Ga.* 257, 258. The allegations of the petition are so confused, uncertain, vague, indefinite, and contradictory that this court, under the above rules, is unable to say that the court erred in sustaining the demurrers. *Howell* v. *Rome Grocery Co.,* 102 *Ga.* 174 (29 S. E. 178)." *Powell* v. *Wood,* 182 *Ga.* 630 (186 S. E. 675); *Lanier* v. *Mandeville Mills,* 183 *Ga.* 716, 721 (189 S. E. 532). Under an application of the foregoing principles of law to the allegations of the present petition which are confused, uncertain, vague, indefinite, and contradictory, this court cannot say that the trial court erred in sustaining the demurrer to the petition or in dismissing the action. If the allegations of paragraph 3 of the petition be construed to allege a loan of the money by Dr. Butler to the defendant upon the defendant's prom-

ise that a corporation of which he was president would issue bonds to secure the payment of the loan, this paragraph is defective in its failure to allege that the bonds were not issued and in its failure to allege when the loan was to be repaid. If the allegations of paragraph 3 be construed to allege a sale of the stock by the defendant to Dr. Butler, it is not made to appear that the consideration failed in that it is not alleged that the bonds were never issued or that the time within which the bonds were to be issued had expired. While it is alleged in paragraph 4 that the defendant was to hold the money in trust for Dr. Butler until the bonds were executed and delivered and that the defendant failed to do so, it is not alleged that Dr. Butler never received the bonds or that the time within which they were to be executed and delivered had expired, such that Dr. Butler or his estate sustained any loss, or that the defendant was unjustly enriched at the expense of Dr. Butler or his estate.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 27, 1956.

*R. F. Schuder, Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Romae L. Turner,* contra.