38277. HANES *v.* FIRST FEDERAL SAVINGS & LOAN ASOCIATION OF ATLANTA.

DECIDED MAY 9, 1960.

*Young H. Fraser, Noah J. Stone,* for plaintiff in error.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr.,* contra.

NICHOLS, Judge. 1. "There may be an accord and satisfaction of a right of action for usury paid, even though the sum ad-

vanced on such an agreement be less than the usury received, provided it be paid and accepted as a full discharge of the borrower's claim." *Rogers* v. *Ball*, 54 *Ga.* 16. Although here the defendant denies any usurious interest was charged, nevertheless, even an admitted claim of usury may be settled: "In order for a settlement of admitted usury to be conclusive by way of accord and satisfaction, it must not leave the debtor in vinculis to the creditor." *Green* v. *Frank*, 63 *Ga.* 79. Since the plaintiff's indebtedness here was canceled prior to the execution of the release, the plaintiff was under no compulsion, bind or pressure to the defendant that might have in any way influenced or induced him into executing said release. As was held by the Supreme Court in *Crow* v. *Bowers*, 204 *Ga.* 786 (3) (51 S. E. 2d 855), "where a liquidated debt, upon which there is no dispute as to the amount due, is agreed to be settled for less than its face value and the settlement is consummated by the payment of the amount agreed upon and the execution and delivery of a writing stating that it is 'a release from all further claims,' this is an accord and satisfaction and an extinguishment of all liability therefor by the debtor. Code § 20-1204; *Tarver* v. *Rankin*, 3 *Ga.* 210); *Brown* v. *Ayer*, 24 *Ga.* 288; *Tyler Cotton Press Co.* v. *Chevalier*, 56 *Ga.* 494 (5); *Burgamy* v. *Holton*, 165 *Ga.* 394 (3) (141 S. E. 42); *Collier* v. *Mayflower Apartments*, 196 *Ga.*, 419 (2) (26 S. E. 2d 731)." See also *Rivers* v. *Cole Corp.*, 209 *Ga.* 406 (73 S. E. 2d 196); *Mitchell* v. *Asbury*, 94 *Ga. App.* 465 (95 S. E. 2d 341). Clearly this rule applies with equal force to the settlement and release of a claim of usury as is borne out by the holding in *Rogers* v. *Ball*, supra, wherein it is stated: "An agreement by a creditor to receive less than the amount of his debt, if it has been actually executed by the payment of the money, is an accord and satisfaction. Code § 2881 [20—1204]. We do not see why this should not apply to the case of a claim by one person against another for usury paid by the former to the latter."

Applying the facts of this case to the law, as set out above, it is obvious that the trial court did not commit error in entering judgment sustaining the plea of accord and satisfaction, since the plaintiff, prior to bringing the suit, had, for a valuable consid-

eration, signed a release waiving any and all claims he had or might have against the defendant, prior to the date of the execution of the release.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*